FIRST DEPARTMENT, JUNE, 1951.

(June 5, 1951.)

■

BEOL, INC., Respondent, *v.* H. S. DORF CO., INC., Appellant.

*Per Curiam.* Plaintiff having purchased goods in this country for resale in Belgium arranged with defendant, a New York forwarding agency, to finance

the issuance of a letter of credit for a fixed fee. The letter was issued, but defendant refused to consent to the release of the merchandise, claiming plaintiff had not deposited the agreed amount with it.

Holding that plaintiff had deposited sufficient money and defendant had breached its contract, the trial court directed a verdict for the plaintiff on the first cause of action for the return of moneys deposited. It submitted to the jury only the question of damages under the second cause of action for loss of plaintiff's profit. We deem that these rulings constituted error in that there were questions of fact for the jury with respect to whether sufficient deposit was made.

Plaintiff attempted to perform its obligation to deposit the $25,000 plus fees needed for the letter of credit by having Dorf Belgium, Ltd., an entity separate from defendant located in Antwerp, forward various sums to defendant. Dorf Belgium, while the general agent of defendant, had apparently acted as special agent for plaintiff's president Bronert and others in collecting the moneys which it later forwarded to defendant. When it forwarded these moneys, Dorf Belgium advised defendant that certain parts thereof were to be held in escrow for one Shabry, and later advised that another part was to be held for one Zimber. Herman S. Dorf, defendant's president, was to decide any further conflicts between Shabry and Bronert. If this notice was binding on plaintiff, it meant that less than $25,000 had been deposited.

It appears that plaintiff's president, one Bronert, had had prior transactions with a man named Shabry in the selling of other goods in Belgium. The joint enterprise of Shabry-Bronert used Dorf Belgium to collect moneys due from sales made on account of this joint enterprise. Disputes had arisen between Bronert and Shabry over the division of the collections. It appears that Bronert had consented to have two persons in Belgium arbitrate such dispute. The arbitrators had made one award apportioning the fund and directing Bronert to do certain specified things. They later made a second or supplemental award, claiming that Bronert had not performed the acts directed. Dorf Belgium advised defendant to withhold the moneys aforesaid following the second division of the arbitrators. Defendant claims that the notice to withhold became binding on the plaintiff because Dorf Belgium was plaintiff's agent in forwarding the moneys, and unless all of the moneys forwarded by Dorf Belgium were funds available to plaintiff, it had failed to establish performance of its promise to deposit $25,000.

Plaintiff says it is not bound by the instructions of Dorf Belgium or the decisions of the arbitrators, as such instructions or the awards could not bind plaintiff as distinguished from Bronert, its president. It also claims that there was no power in the arbitrators to make the supplemental award.

We think that there were questions of fact to be submitted to the jury as to the agency of Dorf Belgium in the forwarding of the moneys and issuing the directives to withhold; also whether plaintiff's president had consented to one or both of the arbitrations and thus had burdened the moneys deposited with the restrictions imposed.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Glennon, J. P., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post*, p. 942.]